UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDERICK H FRANKLIN,

                Plaintiff,

  v.

LOANCARE MORTGAGE SERVICING COMPANY,

                Defendant.

Case No. C23-6170 TMC

ORDER TO SHOW CAUSE

This matter comes before the Court on Plaintiff Frederick H. Franklin's application to proceed *in forma pauperis* ("IFP"). Dkt. 1. Having reviewed Plaintiff's motion and his proposed complaint, the Court declines to grant Plaintiff's motion at this time. Plaintiff may, by January 22, 2024, either: (1) explain and show cause why the complaint should not be dismissed, or (2) file an amended complaint.

DISCUSSION

A.  Standard

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). The court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied 375 U.S. 845 (1963). The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on

ORDER TO SHOW CAUSE - 1

which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

ORDER TO SHOW CAUSE - 2

B.  Plaintiff's Proposed Complaint

Plaintiff names Loancare Mortgage Servicing Company as the sole defendant in his proposed complaint. Plaintiff states that when he fell behind on payments to the mortgage company, the mortgage company informed Plaintiff that they would work with him to create a payment plan. Plaintiff then states that the mortgage company "stopped talking."

As Plaintiff's complaint is currently written, it does not appear that this Court has jurisdiction over Plaintiff's complaint. Federal courts can only hear cases if:

> (1) there is diversity of citizenship (each party is from a different state) plus more than $75,000 in controversy, or
>
> (2) plaintiff, or defendant, asserts a federal claim. *See* 28 U.S.C. §§ 1331-32.

The Court in this case does not appear to have "diversity" jurisdiction -- Mr. Franklin indicates that both he and the defendant are citizens of Washington state, and he asserts an "amount in controversy" of less than $75,000. *See* Dkt. 1-1, at 2, 4-5. Further, this court cannot discern any basis for a claim under federal law from the allegations in the complaint.

## CONCLUSION

Accordingly, given the deficiencies addressed above, the Court will not grant Plaintiff's application to proceed *in forma pauperis* at this time. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546

ORDER TO SHOW CAUSE - 3

(9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original").

Plaintiff should state in simple language what Defendant allegedly did, or failed to do, and how the acts, or failure to act, caused harm to plaintiff; and explain why this Court has jurisdiction over Plaintiff's claim. In other words, Mr. Franklin should allege facts with respect to what Defendant allegedly did (or failed to do) and how did the alleged acts or omissions cause a harm to plaintiff that the Defendant should be held liable for (what type of relief does plaintiff seek, and under what legal theory is the relief sought).

Plaintiff's amended complaint must be filed by January 22, 2024. The Court further instructs the Clerk to re-note Plaintiff's motion to January 22, 2024.

Dated this 8th day of January, 2024.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4